**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Brandon Webb

                    Plaintiff,

v.                                                      Case No.: 1:25–cv–09441
                                                        Honorable Martha M. Pacold

SIG / Scholle IPN

                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 4, 2026:

        MINUTE entry before the Honorable Martha M. Pacold: Defendant's Motion to Dismiss [18] is granted. The EEOC's Determination and Notice of Rights (attached to the complaint) was signed on December 30, 2024, and it advised plaintiff that he had to file a lawsuit no later than 90 days following receipt. *See* [1] at 2. Courts "may presume that a claimant receives a right to sue letter within three days of mailing." *Kerner v. Georgia–Pac. Wood Prod., LLC*, No. 16–CV–187–BBC, 2017 WL 4712227, at *4 (W.D. Wis. Oct. 18, 2017) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984)). Accounting for a three–day delivery timeline as well as the holiday, plaintiff received the Determination no later than January 3, 2025. The 90–day deadline to file a suit would have expired 90 days later, on April 3, 2025. Plaintiff filed his complaint more than 4 months later on August 8, 2025. [1]. (Since plaintiff's complaint was filed more than 4 months past the deadline to file suit, even if there was an additional delay in the transmission of the document, such as between the EEOC's signing of the document and its mailing, or if mail delivery took a week or two rather than 3 days, it would not have made the complaint timely.) Thus, plaintiff's action is time barred. Plaintiff contends that he actually filed the suit on 3/28/2025, within the 90–day window, arguing that "the bottom of the page" of his complaint has a stamp with the date of 3/28/25. [29]. However, upon review of the complaint, the 3/28/25 date appears to have been typed into the document (i.e., was already on the document when received by the Clerk's Office), not stamped onto the document by the Clerk's Office or the court. The Clerk's Office stamped the complaint "received" on 8/8/2025, *see* [1], and the face of the docket (the first docket entry) reflects that the complaint was received on 8/8/25. (Subsequently, on 9/12/25, the court granted plaintiff's application to proceed in forma pauperis and directed the Clerk of Court to file the complaint, *see* [7]; accordingly, the complaint was filed, and stamped by the Clerk's Office "filed," on 9/12/2025, *see* [8].) Plaintiff has provided no support for his claim that he filed the complaint four months before the Clerk stamped it "received," and the court can rely on when the Clerk received the complaint for determining whether it was filed timely. *See Trotter v. Chater*, 81 F.3d 164 (7th Cir. 1996). The court has considered whether to grant leave to amend, but no amendment could cure the time bar and amendment would be futile. Thus, the case is dismissed with prejudice. Enter final judgment. Civil case terminated. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.